# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD KELLY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHELLE LEAVITT, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 81260

**FILED**

OCT 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR A WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order that petitioner be held without bail pending trial. The State filed an indictment charging petitioner Richard Kelly with multiple counts, including first-degree murder. Kelly pleaded not guilty, moved the district court to set a reasonable bail, and requested a bail hearing. A day before the scheduled hearing, the district court found that "the proof is evident and the presumption is great" that Kelly committed the crime, so it denied his request for bail without holding a hearing.

Kelly argues that this court's holding in *Valdez-Jimenez v. Eighth Judicial District Court*, 136 Nev., Adv. Op. 20, 460 P.3d 976 (2020), imposed a duty on the district court to hold a hearing on his request for bail. Because Kelly's petition raises an important legal issue, clarification of which will serve judicial economy and sound judicial administration, we exercise our discretion to entertain it. *See Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009) (recognizing that this

20-37922

court will entertain a writ petition when an important issue of law needs clarification or when doing so serves judicial economy and sound judicial administration).

In *Valdez-Jimenez*, we addressed "the situation where the court imposes bail in an amount that is beyond the defendant's ability to pay, resulting in the defendant remaining in jail before trial." 136 Nev., Adv. Op. 20, 460 P.3d at 986. We held that in those situations, the district court must hold "a prompt individualized hearing on [the defendant's] custody status." *Id.* at 987. *Valdez-Jimenez* did not address a situation, like this one, in which the trial court chose not to award bail to a defendant accused of first-degree murder. Under Article 1, Section 7 of the Nevada Constitution and NRS 178.484, such defendants are not entitled to bail where the proof is evident and presumption great that the defendant committed the crime. *See* Nev. Const. art. 1, § 7 (providing that "[a]ll persons shall be bailable by sufficient sureties; unless for Capital Offenses or murders punishable by life imprisonment without possibility of parole when the proof is evident or the presumption great"); NRS 200.030(4) (providing that first-degree murder is punishable by death or life imprisonment without the possibility of parole); NRS 178.484(1) (providing that "a person arrested for an offense *other than murder of the first degree* must be admitted to bail" (emphasis added)).

Because Kelly was accused of first-degree murder, he was not constitutionally guaranteed a right to bail. And because the district court found that the proof was evident and presumption great that Kelly committed first-degree murder, it decided not to award bail. The district court therefore did not have a duty under *Valdez-Jimenez* to hold a hearing intended to ensure that bail is not excessive. Further, Kelly did not

 

challenge the district court's finding that the proof was evident and presumption great that he committed first-degree murder, or otherwise argue the district court abused its discretion. We therefore conclude that Kelly failed to demonstrate that extraordinary relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Accordingly, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Michelle Leavitt, District Judge
The Draskovich Law Group
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk